# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2025

Lyle W. Cayce
Clerk

No. 24-11094
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCUS TURNER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-192-1

Before DENNIS, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Marcus Turner pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). For the first time on appeal, Turner argues that the district court misinterpreted § 922(g) because the statute requires more than merely past interstate travel at an indeterminate time and that § 922(g)(1) is unconstitutional because it

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-11094

exceeds Congress's power under the Commerce Clause. Turner additionally argues that § 922(g)(1) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Turner correctly concedes that each argument is foreclosed. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023); *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025). He raises these issues to preserve them for further review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the district court's judgment is AFFIRMED.